IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE HAAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. |
| CITY OF PEVELY, MISSOURI, | ) ) *Jury trial demanded* |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Stephanie Haas, pro se, and for her Complaint against Defendant, City of Pevely, Missouri, avers as follows:

### PARTIES

1. Plaintiff Stephanie Haas (hereinafter "Plaintiff") is a natural person who, at all times relevant to this action, resides at 502 Old State Road North, Pevely, Missouri 63070.

2. Defendant City of Pevely (hereafter "Defendant") is a municipal corporation, a City of the Fourth Class, organized and existing in accordance with the laws of the State of Missouri, which conducts business in the State of Missouri in an office building located at 401 Main Street, Pevely, Missouri 63070.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim for First Amendment retaliation under 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's Missouri common law claim for breach of contract under 28 U.S.C. § 1367, which provides for supplemental jurisdiction

1

over all other claims that are so related to Plaintiff's claim under 42 U.S.C. § 1983, that they form part of the same case or controversy under Article III of the United States Constitution.

5.   Venue is proper in Eastern Division of the U.S. District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(a)(2) because the acts complained of occurred in this District and because Plaintiff and all Defendants are present in this District.

## FACTS COMMON TO ALL COUNTS

6.   Plaintiff was an at-will employee with Defendant from on or about August 21, 2007 through September 2, 2014.

7.   At all times relevant to this matter, Plaintiff served as city clerk until September 2, 2014, when she was terminated and discharged by Defendant.

8.   During her tenure as city clerk, Plaintiff became aware of, and investigated, conduct on the part of one or more of the public officials of the Defendant that Plaintiff believed were unlawful and in violation of public policy, including without limitation the following:

   a.   Members of the Defendant's Board of Aldermen regularly and repeatedly held meetings in secret in violation of Chapter 610 of the Revised Statutes of Missouri (hereinafter the "Sunshine Law");

   b.   Members of the Defendant's Board of Aldermen regularly repeatedly took votes on public matters prior to those matters being presented at a public meeting in violation of the Sunshine Law;

    c.    At least one member of the Board of Aldermen was having an inappropriate relationship with an employee of the Defendant.

9.    In August 2014, Plaintiff forwarded a complaint to the Office of the Missouri Attorney General (hereinafter "Office of the Attorney General") informing the Office of the Attorney General of the continued clandestine, secret and non-public meetings of the Board of Aldermen of Defendant.

10.    In August 2014, Plaintiff reported her concern regarding the Board of Aldermen meetings to City Attorney Tom Duggan.

11.    In August 2014, Plaintiff reported to City Attorney Tom Duggan that she had forwarded a complaint to the Office of the Attorney General regarding the continued clandestine, secret and non-public meetings of the Board of Aldermen of Defendant.

12.    Prior to August 2014, the staff of Defendant met with the Board of Aldermen to conduct a seminar on the Sunshine Law and provide the newest handouts from the Office of the Attorney General regarding the Sunshine Law.

13.    In mid-August, 2014, Plaintiff was requested to attend a meeting at the Office of the Attorney General regarding the continued violations of the Sunshine Law by public officials of Defendant.

14.    Plaintiff expressed her concerns about retaliation and adverse employment consequences for attending the meeting to Casey Lawrence of the Office of the Attorney General.

15.    Ms. Lawrence assured the Plaintiff that any adverse employment consequences, resulting from Plaintiff meeting with the Office of the Attorney General would be illegal.

16. On or about August 21, 2014, Plaintiff met, in Jefferson City, with members of a Sunshine Law legal team for the Office of the Attorney General.

17. By August 25, 2014, Plaintiff had informed Ed Walters, mayor pro tem of the Defendant, that she had been requested at and attended a meeting with the Office of the Attorney General.

18. On August 26, 2014, Plaintiff was informed that the Board of Aldermen had scheduled a meeting to terminate her employment.

19. On September 2, 2014, the Board of Aldermen for the Defendant held a closed meeting and voted to terminate the Plaintiff.

20. Plaintiff was informed on September 3, 2014, that she had been terminated.

21. Defendant did not provide Plaintiff with a basis for the termination.

22. On September 11, 2014, Plaintiff, pursuant to Section 117.100 of the Code of Ordinances of the City of Pevely, Missouri, submitted her written request for a hearing before the Board of Aldermen of Defendant.

23. As a result of the actions of the Board of Alderman of Defendant, Plaintiff was terminated and discharged from her employment on September 2, 2014.

24. As a direct and proximate result of the actions of the Board of Alderman of Defendant, Plaintiff has suffered and continues to suffer from a loss of employment, substantial losses in earnings, injury to professional reputation, mental anguish, emotional distress, humiliation, anxiety, severe emotional distress, worry, and fear.

## COUNT I:

## DEPRIVATION OF THE RIGHT TO FREE SPEECH THROUGH RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS, COGNIZABLE UNDER 42 U.S.C. § 1983

4

Comes again Plaintiff and for Count I of her Complaint states:

25. For Plaintiff's Cause of Action against Defendant for First Amendment retaliation by Defendant, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 24.

26. Plaintiff's rights under the First and Fourteenth Amendments were violated when Defendant took adverse employment action against Plaintiff, including without limitation terminating and discharging Plaintiff on September 2, 2014.

27. Plaintiff engaged in one or more acts of speech protected by the First and Fourteenth Amendments by addressing matters of public concern.

28. In response to these acts of speech, Defendant terminated Plaintiff from her position as City Clerk.

29. Plaintiff's acts of speech were substantial or motivating factors in Defendants' decision to terminate Plaintiff's position.

30. Plaintiff's First Amendment right to address matters of public concern outweigh whatever interests Defendant may have had in suppressing Plaintiff's speech.

31. Plaintiff was thereby damaged through her lost past wages, benefits, pain and suffering, mental anguish, and the intentional acts which resulted in emotional injury, pain and suffering upon the Plaintiff, Defendant should thereby be subject to punitive damages and lost future wages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for compensatory damages in an amount that is fair and reasonable (including actual, consequential, and incidental damages, past, present, and future), punitive damages, plus costs of this

5

action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances, pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT II:

### BREACH OF CONTRACT FOR SUSPENSION AND TERMINATION OF EMPLOYMENT IN VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, MISSOURI PUBLIC POLICY, AND LAW, COGNIZABLE UNDER MISSOURI COMMON LAW

32. For Plaintiff's Cause of Action against Defendant for Breach of Contract for Termination of Employment in Violation of the Implied Covenant of Good Faith and Fair Dealing, Public Policy, and Law, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 31.

33. Plaintiff had an employment contract with Defendant.

34. The employment contract contained an implied covenant of good faith and fair dealing.

35. The employment contract contained an implied covenant not to terminate Plaintiff in violation of public policy or law, both of which protect the exercise of free speech and prohibit the termination of employees, including employees-at-will, for whistleblowing, reporting violations of law by an employer or its officers, agents, or employees, or otherwise engaging in acts of free speech on matters of public concern.

36. Defendant breached these implied covenants in the employment contract by suspending, terminating, and discharging Plaintiff in response to Plaintiff's acts of free speech on matters of public concern and in response to Plaintiff's reporting of the wrongdoing of Defendant's public officials and violations of law.

37. Defendant's termination and discharge of Plaintiff violated public policy and law.

38. Defendant's breach of contract caused Plaintiff to suffer damages, including but not limited to actual, consequential, incidental, and expectancy damages, past, present, and future, loss of employment, loss of wages, loss of benefits, pain and suffering, mental anguish, and emotional distress.

39. Defendant does not have sovereign immunity from this cause of action for breach of contract.

**WHEREFORE**, Plaintiff prays that the Court will, after trial by jury, enter judgment in favor of Plaintiff and against Defendants, and enter an award for Plaintiff with reinstatement, back pay and back benefits, compensation for all past and future lost wages and benefits, award such other amounts to make Plaintiff whole for the harm caused, including compensatory damages for emotional distress and other injuries as permitted by law (including actual, consequential, incidental, and expectancy damages, past, present, and future), prejudgment interest on the entire verdict in accordance with law, and any other relief in favor of Plaintiff and against Defendants as this Court deems just and proper.

## COUNT III:

## VIOLATION OF THE MISSOURI SUNSHINE LAW

40. For Plaintiff's Cause of Action against violation of the Missouri Sunshine Law, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 39.

41. On or about August 26, 2014, the Defendant, by and through a majority of its Board of Aldermen, met and decided to terminate the Plaintiff.

42. Said meeting was held in violation of various sections of the Sunshine Law, including sections 610.010 through 610.026.

43. Prior to August 26, 2014, the Board of Aldermen for the Defendant has been informed and educated regarding the Sunshine Law.

44. Prior to August 26, 2014, the Board of Aldermen for the Defendant has violated the Sunshine Law by meeting without proper notice.

45. The August 2014 violation of the Sunshine Law by the Board of Aldermen for the Defendant was purposeful and knowing.

**WHEREFORE**, prays that the Court will, after trial by jury, enter judgment in favor of Plaintiff and against Defendants, and enter a finding that the actions of the Defendant are purposeful and/or knowing, order such civil penalty as is appropriate under Missouri law, order that Plaintiff be awarded her reasonable attorney fees and costs, and that all costs be taxed against Defendant.

## COUNT IV:

## DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT, COGNIZABLE UNDER 42 U.S.C. §1983

46. For Plaintiff's Cause of Action against Defendant for deprivation of property without due process of law in violation of the Fourteenth Amendment, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 45, above.

47. Defaming a governmental employee's reputation, good name, honor, or integrity in connection with terminating the employee, without giving the employee a name-clearing hearing, is a deprivation of the employee's constitutionally protected

8

liberty interest. *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). *Cf. Paul v. Davis*, 424 U.S. 693 (1976).

    48.    Section 117.100 of the Municipal Code of the City of Pevely, Missouri provides that,

> A.    Any employee of the City of Pevely that has been disciplined shall have the right to a hearing by the Board of Aldermen unless a hearing had previously been held as outlined.
>
>     1.    Appeals shall be submitted in writing within ten (10) days of the letter outlining disciplinary action taken by the City Administrator.
>
>     2.    The Board of Aldermen shall then, upon receipt of the request for appeal:
>
>     a. Hold a hearing upon a timely appeal within thirty (30) days after the date such appeal is filed, unless the appellant shall agree to a later date for such hearing.
>
>     b. Render a written decision upon such appeal and submit its decision and recommendation to the Mayor within ten (10) days after the hearing of such appeal.
>
>     c. The decision of the Board of Aldermen is final.

    49.    Plaintiff was terminated on September 2, 2014 and made written application for a hearing as provided in Section 117.100 of the Municipal Code of the City of Pevely, Missouri on September 11, 2014, well within the ten (10) day notice requirement provided for in the ordinance.

    50.    Defendant did not respond to the timely written request for a hearing as provided for in the ordinance and has failed to provide the required hearing.

    51.    The termination of Plaintiff's position was an extinguishment of her right or legal status.

    52.    Plaintiff was not afforded a name-clearing hearing.

9

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for compensatory damages in an amount that is fair and reasonable (including actual, consequential, and incidental damages, past, present, and future), punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances, pursuant to 42 U.S.C. §§ 1983 and 1988.

*/s/ Stephanie Haas*
Stephanie Haas
502 Old State Road North
Pevely, Missouri 63070